**CHESTER, BLACKBURN & RODER, INC., Plaintiffs**

**v.**

**A. J. WADSWORTH SALES COMPANY, Defendant**

## Civil No. 42C-1974

## Municipal Court of the Virgin Islands

### Div. of St. Croix

## July 26, 1974

---

**MARSH,** *Judge*

ORDER STRIKING AVERMENTS OF MOTION AND DENYING
DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

This cause was heard in open court July 25, 1974, upon defendant's motion to vacate a default and a default judgment entered by the clerk March 25, 1974.

The relief sought is based upon the averment, supported by affidavit of defense counsel, that, after defendant had been served, counsel for the parties entered into negotiations for settlement and defendant's counsel "was assured by plaintiff's counsel that no default would be entered pending settlement discussions."

If this averment is permitted to stand the result will be the resolution of the issue of whether or not plaintiff's

counsel did in fact give such verbal assurance, there being no contention that it was in writing. The only way in which this issue can be determined is upon the conflicting testimony of the two lawyers involved and this embarrassing situation cannot be permitted or tolerated; accordingly, the mentioned averment is stricken and the motion denied.

Professional conduct of counsel is governed by the American Bar Association Code of Professional Responsibility, 5 V.I.C. App. V, R. 57. In this case we are concerned with Canon 5 which admonishes against counsel testifying in a cause in which he appears as advocate except under certain conditions not present here. E. C. 5–9 states, in part,

> "An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; . . . ."

Under DR 5-102(A), if it became necessary for counsel to testify upon the issue stated above, and it would be if the averment was allowed to stand, both counsel would be obliged to withdraw from the case. Actions of counsel should not be permitted to compel this result, see Galarowicz v. Ward (Utah 1951) 230 P.2d 576.

The concept of two lawyers disputing in court as to whether or not one gave certain verbal assurances to the other is not only unseemly but degrading to an honorable profession. For general discussion see 73 Am.Jur.2d 536, Stipulations 2 and cases therein cited.

This order does not pertain to establishment and enforcement of written stipulations and agreements between counsel.

The third, fifth and seventh paragraphs of defendant's motion are stricken and the motion is denied.